IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| AMY JENKINS ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | FILE NO._____ |
| ) | |
| THE LAW OFFICES OF GERALD E. ) | |
| MOORE & ASSOCIATES, P.C. ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**NATURE OF ACTION**

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, Amy Jenkins ("Plaintiff"), is a natural person who at all relevant times resided in the State of Georgia, County of Laurens, and City of Dublin.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, The Law Offices of Gerald E. Moore & Associates, P.C. ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another

11. In connection with the collection of an alleged debt in default, Defendant sent Plaintiff initial written communication dated May 3, 2012, regarding Capital One Bank account ending in 8357 and in such communication, provided Plaintiff with the disclosures required pursuant to 15 U.S.C. § 1692g(a) et seq. (*See* 5-3-12 Dun Letter, attached hereto as Exhibit A).

12. In its May 3, 2012 initial written communication, immediately below the disclosures required pursuant to 15 U.S.C. § 1692g(a) et seq., Defendant stated as follows:

> "It is important that this matter receives your attention and that you contact us to discuss a resolution of the unpaid balance. Should you fail to timely resolve your account, Capital One Bank (USA), N.A. has authorized us to file a lawsuit against you."

13. Defendant's May 3, 2012 communication was placed upon Defendant's law firm letterhead.

14. Defendant's May 3, 2012 communication was hand-signed by attorney Gerald E. Moore, Esq.

15. Defendant's May 3, 2012 communication did not define what would "timely resolve" the alleged account, nor did Defendant qualify its statement that it was "authorized [] to file a lawsuit against [Plaintiff]" was subject to the exercise of Plaintiff's rights pursuant to 15 U.S.C. § 1692g(a) et seq.

16. As such, Defendant's May 3, 2012 communication would lead the least sophisticated consumer to believe that a lawsuit could be initiated against her within the initial thirty (30) day dispute period, regardless of whether a dispute of the alleged debt, or portion thereof, was made during that time, a representation both inconsistent with said disclosures, and overshadowing and obscuring the same.

17. Defendant's May 3, 2012 communication contained no disclaimer or other such notice that at the time the letter was sent, no attorney with Defendant's firm had reviewed the particular circumstances of Plaintiff's alleged debt.

18. Upon information and belief, no attorney had meaningfully reviewed the particulars of Plaintiff's account prior to Defendant's mailing of the May 3, 2012 correspondence.

19. Further, as of May 3, 2012, Defendant had made no determination as to whether a lawsuit would be filed on Plaintiff's account.

20. Defendant's actions constitute conduct highly offensive to a reasonable person.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692g(b)

21. Plaintiff repeats and re-alleges each and every allegation contained above.

22. Defendant violated 15 U.S.C. § 1692g(b) by overshadowing the disclosures required by 15 U.S.C. § 1692g(a) during the thirty-day dispute period, including threatening to take immediate action against Plaintiff and disclaiming the validity of the disclosures in the same communication.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(3)

23. Plaintiff repeats and re-alleges each and every allegation contained above.

24. Defendant violated 15 U.S.C. § 1692e(3) by falsely representing the level of attorney involvement in the collections process in its May 3, 2012 correspondence.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692e(3);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(10)

25. Plaintiff repeats and re-alleges each and every allegation contained above.

26. Defendant violated 15 U.S.C. § 1692e(10) by using false representations or deceptive practices in connection with the collection of an alleged debt from Plaintiff including, but not limited to: threatening to file a lawsuit during the 30-day dispute period and falsely representing the level of attorney involvement in the collection of the alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

27.     Plaintiff is entitled to and hereby demands a trial by jury.

This 26$^h$ day of July, 2012.

                              ATTORNEYS FOR PLAINTIFF
                              AMY JENKINS

                              Respectfully submitted,

                              /s/ Dennis R. Kurz
                              Dennis R. Kurz
                              Georgia Bar No. 430489
                              WEISBERG & MEYERS, LLC
                              5025 N. Central Ave. #602
                              Phoenix, AZ 85012
                              (888) 595-9111 ext. 412
                              (866) 842-3303 (fax)
                              dkurz@attorneysforconsumers.com