## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## DUBLIN DIVISION

Amy Jenkins,

|                                           |                                              |
|-------------------------------------------|----------------------------------------------|
| **Plaintiff**                             | **Civil Action**                             |
| **v.**                                    | **File No.: 3:12-cv-00069-DHB-WLB**          |
| **The Law Offices of Gerald E. Moore & Associates, P.C.** |                              |
| **Defendant.**                            |                                              |

## ANSWER. AFFIRMATIVE DEFENSES AND COUNTERCLAIM

COMES NOW, DEFENDANT, THE LAW OFFICES OF GERALD E. MOORE & ASSOCIATES, P.C. (hereinafter GEMA), by and through counsel and without waiving any objection(s) to being included as a party to this action, responds to the Complaint of Plaintiff, Amy Jenkins, as follows:

## NATURE OF ACTION

1.     GEMA admits that Plaintiff has brought an action under the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692 et seq.  All averments not specifically admitted are denied by GEMA.  GEMA further denies any violation of the FDCPA.

## JURISDICTION AND VENUE

2.     Admitted for purposes of Jurisdiction only.  All averments not specifically admitted are denied.

3.     Admitted for purposes of venue only.  All averments not specifically admitted are denied.

## PARTIES

4.     Upon information and belief, GEMA believes the averments set forth in paragraph 4 of Plaintiff's Complaint are true and correct and therefore admits the averments.

5.     GEMA is without knowledge or information sufficient to form a belief as to the truth of paragraph 5 of Plaintiff's Complaint and therefore denies the averments.

6.     GEMA admits that it was attempting to collect an unpaid account from Plaintiff.  All averments not specifically admitted are denied.

7.     GEMA admits that when it engages in certain collection activity, it is a "debt collector" as defined by the FDCPA.   All averments not specifically admitted are denied.

## FACUAL ALLEGATIONS

8.     GEMA admits Plaintiff is a natural person obligated, or allegedly obligated, to pay an unpaid account owed or due, or asserted to be owed or due another.

9.     GEMA is without knowledge or information sufficient to form a belief as to the truth of paragraph 9 of Plaintiff's Complaint and therefore denies the averments.  GEMA further denies that it is a creditor of Plaintiff.

2

10.     GEMA admits it uses instrumentalities of interstate commerce or the mails in a business the principal purpose is the collection of unpaid accounts.

11.     GEMA admits the averments set forth in paragraph 11 of Plaintiff's Complaint.

12.     GEMA admits the averments set forth in paragraph 12 of Plaintiff's Complaint.

13.     GEMA admits the averments set forth in paragraph 13 of Plaintiff's Complaint.

14.     GEMA admits the averments set forth in paragraph 14 of Plaintiff's Complaint.

15.     GEMA denies the averments set forth in paragraph 15 of Plaintiff's Complaint.

16.     GEMA denies the averments set forth in paragraph 16 of Plaintiff's Complaint.

17.     GEMA admits the averments set forth in paragraph 17 of Plaintiff's Complaint.

18.     GEMA responds that the averments stated in Paragraph 18 is not based upon information and belief and is nothing more than a statement based on a mere hunch, and that, to the extent Paragraph 18 contains any averments of fact, they are denied.

19.     GEMA admits the averments set forth in paragraph 19 of Plaintiff's Complaint.

20.     GEMA denies the averments set forth in paragraph 20 of Plaintiff's Complaint.

## COUNT I
## <u>VIOLATION OF 15 U.S.C. §1692g(b)</u>

21.     To the extent a response is required to paragraph 21 of Plaintiff's Complaint, Defendant responds and incorporates each and every response contained above.

22.     GEMA denies the averments set forth in paragraph 22 of Plaintiff's Complaint, as well as, Plaintiff's prayers a-f.

## COUNT II
## <u>VIOLATION OF 15 U.S.C. §1692e(3)</u>

23.     To the extent a response is required to paragraph 23 of Plaintiff's Complaint, Defendant responds and incorporates each and every response contained above.

24.     GEMA denies the averments set forth in paragraph 24 of Plaintiff's Complaint, as well as, Plaintiff's prayers a-f.

## COUNT III
## <u>VIOLATION OF 15 U.S.C. §1692e(10)</u>

25.     To the extent a response is required to paragraph 25 of Plaintiff's Complaint, Defendant responds and incorporates each and every response contained above.

26.     GEMA denies the averments set forth in paragraph 26 of Plaintiff's Complaint, as well as, Plaintiff's prayers a-f.

## <u>TRIAL BY JURY</u>

27.     GEMA denies the averments set forth in paragraph 27 of Plaintiff's Complaint.

28.     Defendant denies any and all remaining averments contained in Plaintiff's Complaint not specifically admitted herein.

## <u>AFFIRMATIVE DEFENSES</u>

## <u>FIRST AFFIRMATIVE DEFENSE</u>

Any errors that Plaintiff alleges Defendant may have made were, if anything, unintentional and the result of a bona fide error, not withstanding the maintenance of procedures reasonably adopted to avoid any such error.

## <u>SECOND AFFIRMATIVE DEFENSE</u>

Defendant's alleged wrongful conduct, if any, was not frequent and/or persistent.

## THIRD AFFIRMATIVE DEFENSE

The alleged noncompliance was unintentional.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim under the FDCPA upon which relief may be granted and is therefore barred from seeking relief under the statute.

## FIFTH AFFIRMATIVE DEFENSE

If Defendant violated the FDCPA, which is denied, plaintiff has suffered no actual damages as a result of these purported violations.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Doctrine of "Unclean Hands".

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff brings this Complaint in bad faith and solely for the purposes of harassment and the Court should award to counsel for Defendant all reasonable attorney's fees in relation to the work expended and costs. See 15 U.S.C. §1692k(a)(3).

## EIGHTH AFFIRMATIVE DEFENSE

There has been an insufficiency of process over Defendant.

## NINTH AFFIRMATIVE DEFENSE

There has been a failure of service of process over Defendant.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be subject to an arbitration agreement requiring her to submit her claims to mandatory and binding arbitration. If so, Defendant will exercise its right to arbitration under the agreement, which is specifically enforceable pursuant to the Federal Arbitration Act, 9 U.S.C. Section 1, *et. seq.*

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert additional affirmative defenses which come to light in the course of ongoing discovery and factual development of this litigation.

**WHEREFORE**, Defendant respectfully requests that this Honorable Court deny Plaintiff's prayer for relief; dismiss the Complaint with prejudice; and award appropriate and reasonable attorney's fees and cost to Defendant.

## COUNTERCLAIM

COMES NOW, The Law Offices of Gerald E. Moore & Associates, P.C., ("GEMA"), Plaintiff in Counterclaim and files this Complaint for Declaratory Judgment against Amy Jenkins ("JENKINS"), Defendant in Counterclaim, and shows the Court as follows:

## NATURE OF ACTION

1.

This is an action for Declaratory Judgment brought pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 et. seq., for the purpose

of determining questions of actual controversy that presently exists between the parties.

## JURISDICTION AND VENUE

2.

This Court has original jurisdiction pursuant to 28 U.S.C. § 1331, because this action involves a federal question under the Fair Debt Collection Practices Act, codified at 15 U.S.C. § 1692 et. Seq.

3.

Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

4.

GEMA is a Georgia professional corporation with its principal place of business within the northern district of Georgia, being located in Cobb County, Georgia.

5.

JENKINS is a resident of Georgia.  Upon information and belief, the Defendant resides in the County of Laurens and City of Dublin.  The Defendant has purposefully availed herself of the jurisdiction of this Court.

## STATEMENT OF FACTS

### 6.

JENKINS signed and caused to be mailed or sent via other means and/or caused to be drafted, prepared and mailed or sent via other means to GEMA a document signed April 12, 2011.  Attached hereto as Exhibit "A" is a true and correct copy of the document.

### 7.

Exhibit "A" states that JENKINS "Appoint Weisberg & Meyers as my/our agent, to act on my/our behalf pertaining to creditors claims of indebtedness."

### 8.

Exhibit "A" falsely represents that Weisberg & Meyers has been employed for the purpose of negotiating financial settlement arrangements on creditors claims of indebtedness.

### 9.

Upon information and belief, Weisberg and Meyers was employed for the purpose of initiating a complaint based on Fair Debt Collection Practices Act 15 U.S.C. §1692, et seq. (hereinafter "FDCPA").

### 10.

JENKINS, by and through her attorneys, on June 28, 2012, caused to be mailed or sent via other means and/or caused to be drafted, prepared and mailed or

sent via other means to GEMA a document dated June 28, 2012.  Attached hereto as Exhibit "B" is a true and correct copy of the document.

11.

Exhibit "B" claims to have given GEMA notice of claim against it and threatens to file suit against GEMA should GEMA fail to pay a settlement.

12.

The alleged claims of JENKINS are based on Fair Debt Collection Practices Act 15 U.S.C. §1692, et seq. (hereinafter "FDCPA").

13.

Upon information and belief, JENKINS, did not conduct an appropriate investigation or due diligence prior bringing one of more of JENKINS claim(s).

14.

Upon information and belief, JENKINS, did not conduct a reasonable inquiry into the facts and/or law before initiating and/or continuing one or more of JENKINS claim(s).

15.

Upon information and belief, JENKINS filed one or more of her claim(s) without any factual and/or legal support.

16.

Upon information and belief, one or more of JENKINS claim(s) are supported only by guess or sheer speculation.

## CLAIM FOR DECLARATORY JUDGMENT

### 17.

GEMA incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

### 18.

A real and actual controversy presently exists between the parties as contemplated pursuant to the provisions of 28 U.S.C. § 2201.

### 19.

Pursuant to the provisions of 28 U.S.C. § 2201, this Court has the power to declare the rights and liabilities of the parties and give such other relief as may be necessary.

### 20.

Absent a judicial declaration, GEMA will suffer a significant financial burden of defending improper claims.

WHEREFORE, Plaintiff in Counterclaim, The Law Offices of Gerald E. Moore & Associates, P.C. pray for judgment against JENKINS as follows and request this honorable Court to:

1. Determine and adjudicate the rights and liabilities of the parties with respect to JENKINS alleged claims under the Fair Debt Collection Practices Act;

2. Determine and adjudicate that GEMA has not violated the Fair Debt Collection Practices Act;

3. Determine and adjudicate that JENKINS has attempted to obtain Property from GEMA by improper and/or unlawful means;

4. Determine and adjudicate that JENKINS acted in bad faith and for the purpose of harassment;

5. Determine and adjudicate that JENKINS did not conduct a reasonable inquiry into the facts and/or law before initiating and/or continuing one or more of JENKINS claim(s).

6. Determine and adjudicate that GEMA has procedures reasonably adopted to avoid violations under the Fair Debt Collection Practices Act;

7. Award GEMA all Costs of Court and Reasonable Attorneys' fees against JENKINS; and

8. Grant GEMA such other relief as this Court deems just and proper.

Respectfully submitted this 28th day of August, 2012.

**BEDARD LAW GROUP, P.C.**

/s/ John H. Bedard Jr.
John H. Bedard, Jr.
Georgia Bar No. 043473
Jonathan K. Aust
Georgia Bar No. 448584

2810 Peachtree Industrial Blvd.
Suite D
Duluth, Georgia 30097
Telephone: (678) 253-1871
Facsimile: (678) 253-1873
jbedard@bedardlawgroup.com
jaust@bedardlawgroup.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## DUBLIN DIVISION

| | |
|---|---|
| **Amy Jenkins,** | |
| **Plaintiff** | **Civil Action** |
| **v.** | **File No.: 3:12-cv-00069-DHB-WLB** |
| **The Law Offices of Gerald E. Moore & Associates, P.C.** | |
| **Defendant.** | |

## <u>CERTIFICATE OF SERVICE</u>

I further certify that I have electronically filed said Answer, Affirmative Defenses and Counterclaim with the Clerk of Court using the CM/ECF system, which will automatically send an email notification to all attorney(s) of record.

Dennis R. Kurz
dkurz@attorneysforconsumers.com

This 28th day of August, 2012.                    Respectfully submitted,

**BEDARD LAW GROUP, P.C.**

<u>/s/ John H. Bedard Jr.</u>
John H. Bedard, Jr.
Georgia Bar No. 043473
Jonathan K. Aust
Georgia Bar No. 448584